JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| **WELLER CONSTRUCTION, INC.,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**MEMORIAL HEALTHCARE SERVICES, dba SADDLEBACK MEMORIAL MEDICAL CENTER, and WOOD BURGHARD SWAIN ARCHITECTS,**<br><br>**Defendants.** | **Case No.: SACV 14-01115-CJC(DFMx)**<br><br>**ORDER GRANTING DEFENDANTS'MOTIONS TO DISMISS AND DENYING AS MOOT PLAINTIFF'S MOTION TO REMAND** |

## I. INTRODUCTION

On May 29, 2014, Plaintiff Weller Construction, Inc ("Plaintiff") brought this action in Orange County Superior Court against Defendants Memorial Health Services, erroneously sued as Memorial Healthcare Services, dba Saddleback Memorial Medical Center ("Memorial") and Wood Burghard Swain Architects ("Wood Burghard"), (together, "Defendants"). (Dkt. No. 1 ["Notice of Removal"], Exh. B ["Compl."].) The

Complaint alleged three causes of action for conversion, unjust enrichment, and violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq*. (Compl.) On July 17, 2014, Memorial removed this action to this Court on the basis that these three state law claims were preempted by the Copyright Act. (Notice of Removal.) There is no diversity jurisdiction in this action. Plaintiff subsequently filed a First Amended Complaint ("FAC") adding three new causes of action for negligent misrepresentation, fraud, and breach of contract.[1] (Dkt. No. 16 [FAC].) Defendants then each filed motions to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. Nos. 25, 26.) Plaintiff also filed a motion to remand this action back to state court. (Dkt. No. 28.) For the following reasons, Defendants' motions are GRANTED and Plaintiff's motion to remand is DENIED AS MOOT.[2]

## II. BACKGROUND

In 2010, Memorial allegedly contacted Plaintiff about designing two linear accelerator vaults used for radiotherapy treatments (the "Project"). (FAC ¶ 8.) Plaintiff met with Memorial's representatives and reviewed proposed sites for the installment of the vaults. (FAC ¶ 9.) Plaintiff subsequently gave Memorial a recommendation regarding the most suitable site for installation and based on Plaintiff's advice, Memorial selected a facility located in Laguna Hills, California. (FAC ¶¶ 9–10.) The FAC further alleges that around April 2012, at Memorial's request, Plaintiff submitted a preliminary layout of the building interior and vault location. (FAC ¶ 11.) Following a series of alleged contractual negotiations, Plaintiff subsequently submitted design plans for the Project to Memorial in late 2012. (FAC ¶¶ 12–20.) One month later, however, Memorial

---

[1] Plaintiff's breach of contract claim is only against Memorial.

[2] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for October 20, 2014 at 1:30 p.m. is hereby vacated and off calendar.

informed Plaintiff that Memorial was going to solicit bids for the construction portion of the Project from other firms. (FAC ¶ 23.) According to the FAC, Memorial then proceeded to email Plaintiff and other firms that were bidding to build the Project, asking for "feedback on the vault design" and "referring to the design [Plaintiff] created and had submitted to [Memorial]." (FAC ¶ 24.) Shortly thereafter, Memorial informed Plaintiff that it would be using another architect to design and build the Project. (FAC ¶ 25.) Plaintiff later learned and now asserts that Memorial hired Wood Burghard, "which was retained by [Memorial] to supposedly design the vaults," and Wood Burghard "copied [Plaintiff's] work in creating the plans for the [P]roject." (FAC ¶ 26.) Furthermore, Plaintiff asserts it is "informed and believes its plans were submitted to various public entities for permitting purposes and used to design and build the [P]roject." (FAC ¶ 26.) Plaintiff contends that Defendants never obtained Plaintiff's approval to use the plans. (FAC ¶ 27.) Nor did Memorial compensate Plaintiff for designing the plans. (FAC ¶ 27.)

## III. DISCUSSION

### A. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Moyo v. Gomez*, 32

F.3d 1382, 1384 (9th Cir. 1994). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, courts "are not bound to accept as true a legal conclusion couched as a factual allegation" (citations and quotes omitted)). Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Although the district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations, *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995), the district court need not grant leave to amend if amendment of the complaint would be futile. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051–52 (9th Cir. 2008) (finding that amendment would be futile where plaintiff was granted leave to amend once and the amended complaint contained the same defects as the prior complaint).

**B. Copyright Preemption**

Defendants move to dismiss Plaintiff's claim for conversion under state law on the ground that the claim is preempted by federal copyright law. States are expressly prohibited from legislating in the area of copyright under the Copyright Act.[3] *Salim v. Lee*, 202 F. Supp. 2d 1122, 1125 (C.D. Cal. 2002) (*citing Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1003 (9th Cir. 2001)). The test for whether a state law claim is preempted by the federal Copyright Act is twofold. First, the claim must involve a work

---

[3] Under § 301, "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or *equivalent right* in any such work *under the common law or statutes of any State*." 17 U.S.C. § 301(a) (emphasis added).

that falls within the "subject matter" of the Copyright Act as set forth in 17 U.S.C. §§102 and 103. 17 U.S.C. § 301(a); *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998). Second, the rights that a plaintiff asserts under state law must be "rights that are equivalent" to those protected by the Copyright Act as specified in 17 U.S.C. § 106.[4] 17 U.S.C. § 301(a); *Kodadek*, 152 F.3d at 1212. Whether a claim asserts rights equivalent to those protected under § 106 depends on whether the claim contains an element not shared by the federal law, and which changes the nature of the action so that it is qualitatively different from a copyright infringement claim. *Summit Machine Tool Mfg. Corp. v. Victor CNC Sys.*, 7 F.3d 1434, 1439 (9th Cir. 1993). This inquiry is inherently fact specific, and requires the court to determine whether the state law claims as asserted are "equivalent" to a federal copyright claim. *Salim*, 202 F. Supp. 2d at 1125 (*citing Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1190 (C.D. Cal. 2001)). Where the two-prong test is met, a state law claim is preempted and may be dismissed from federal court. *Idema*, 162 F. Supp. 2d at 1190; *Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115 (N.D. Cal. 2001).

Here, it is undisputed that the first prong is met because the Project's design plans, which Plaintiff alleges it owns and Defendants copied, were fixed in a tangible medium of expression and are within the subject matter of copyright as defined by §§ 102 and 103 of the Copyright Act. *See* 17 U.S.C. §§ 102(a)(8), 103. The parties do, however, dispute whether under the second prong, Plaintiff's conversion claim is "equivalent" to a copyright claim and thus preempted.

Under California law, the elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property at the time of the conversion; (2) the

---

[4] Section 106 gives a copyright owner the exclusive rights of reproduction, preparation of derivative works, distribution, and display. 17 U.S.C. § 106.

defendant's conversion by a wrongful act or disposition of property rights; and (3) damages. *AmerUS Life Ins. Co. v. Bank of America*, 143 Cal. App. 4th 631, 642 n.4 (2006). Generally, when the tort of conversion relates to interference with tangible rather than intangible property, it "should be held immune from preemption." 1 Nimmer on Copyright § 1.01 [B][1][i], at 1-56. Whereas an action for conversion will lie only for wrongful possession of the tangible embodiment of a work, "a copyright action must be brought for the wrongful *use* of the intangible artistic property contained therein." *Id*. at 1-57 (emphasis added); *Dielsi v. Falk*, 916 F. Supp. 985, 992 (C.D. Cal. 1996) ("Regardless of how it is cast, however, Plaintiff's Fifth Cause of Action is clearly preempted by federal copyright law because it makes the crucial allegation that Defendants have wrongfully used and distributed Plaintiff's work of authorship."). Furthermore, when a plaintiff's claim only seeks damages from a defendant's reproduction of a work "*and not the actual return of a physical piece of property*—the claim is preempted." *Firoozye*, 153 F. Supp. 2d at 1130 (emphasis added) (ruling that a conversion claim was preempted where plaintiff alleged that defendants wrongfully reproduced and used plaintiff's software program); *see also Worth v. Universal Pictures, Inc.*, 5 F. Supp. 2d 816 (C.D. Cal. 1997) (finding that where a plaintiff did not allege that defendant failed to return the physical work at issue, the conversion claim was preempted).

Here, although Plaintiff alleges that Defendants "intentionally and substantially interfered with [Plaintiff's] ownership and right to possession of the plans by fraudulently acquiring and retaining them," (FAC ¶ 54), given the allegations in the FAC, the Court still finds that Plaintiff's claim is preempted. (*See* FAC ¶ 20.) The gravamen of Plaintiff's conversion claim is that (1) Memorial unlawfully used Plaintiff's design plans to obtain bids from other firms, (FAC ¶ 24); (2) Defendants unlawfully used Plaintiff's design to build the acceleration vaults by copying Plaintiff's work, (FAC ¶ 26); (3) Defendants used the design plans to obtain permits from public entities, (FAC ¶ 26);

and (4) Plaintiff was never paid for the design plans it submitted to Memorial, (FAC ¶ 27). From these allegations, it appears that Plaintiff is alleging that it was not the actual design plans that were wrongfully converted, but the information contained within. Furthermore, while it is unclear whether Plaintiff submitted a physical copy or electronic copy of the design plans to Memorial in 2012, Plaintiff does not seek return of the plans it had submitted to Memorial in either form. Instead, Plaintiff seems to seek damages flowing from the Defendants' allegedly wrongful use and damages based on the value Plaintiff's design plans provided to Defendants in constructing the accelerator vaults. Therefore, Plaintiff's conversion claim asserts rights that are substantially "equivalent" to the rights available in a copyright claim and meets the second prong of the *Kodadek* preemption test. Accordingly, Plaintiff's conversion claim is preempted and DISMISSED.

### C. Supplemental Jurisdiction

A district court may decline to exercise supplemental jurisdiction over a related state law claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 7U.S.C. § 1367(c)(3). The determination whether to exercise supplemental jurisdiction takes into consideration factors "judicial economy, convenience and fairness to litigants." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). The Supreme Court has noted that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997). Moreover, although the decision is firmly within the discretion of the district court, where the federal claim is dismissed in the "early stages" of the litigation, this factor weighs heavily toward declining

jurisdiction over the remaining state law claims. *See Carnegie-Mellon Univ.*, 484 U.S. at 350.

Here, Defendants do not argue, and the Court does not find, that the remaining state law claims for breach of contract, fraud, and negligent misrepresentation – and the unjust enrichment and UCL claims, to the extent they are predicated on these claims – are preempted by copyright. Because the Court is dismissing Plaintiff's conversion claim as preempted by federal law, and because it finds that neither judicial economy nor fairness to the parties would be served by retaining jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' motions and DISMISSES Plaintiff's FAC. Accordingly, Plaintiff's motion to remand is DENIED AS MOOT.

DATED: October 8, 2014

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE